# THE LANE COMPANY, INCORPORATED, ET AL.

## V.

# HAMMIE L. SAUNDERS

Record No. 840182

Decided March 8, 1985, at Richmond

Present: All the Justices

*Floyd C. Jennings, Jr. (Rhodes, Jennings & Livingston,* on brief), for appellants.
*Robert E. Evans (Evans Law Office,* on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This Workers' Compensation appeal turns on the question whether the herniation of a claimant's intervertebral disc, which occurred at an uncertain time, was a compensable "injury by accident" under the Compensation Act.

Hammie L. Saunders, the claimant, had been employed by The Lane Company, Incorporated, a manufacturer of furniture, for about a year as a band saw operator. On June 7, 1983, there was no work to be done on the band saw, and he was assigned to work with two other men on the "tennon machine." This work involved removing table tops from the machine after their edges were shaped and stacking them on a "little truck beside you, you stack them up about eye height." This work was "repetitious," involving bending and twisting from the waist. His normal work on the band saw, he said, involved "using the upper part of your body, your shoulders and arms. . . ."

Saunders worked a full day on June 7, but said that he experienced some back pain at an undetermined time during the morning. No unusual incident occurred while he was working at the "tennon machine," and he did not mention his pain to his co-workers or foreman. He stated that his back hurt when he entered his car to drive home that evening, and that he attributed the pain to the "heavy work" he had been doing. The next morning, he

reported to his supervisor that he "had to roll out of bed" because his back was painful. The supervisor sent him to a staff nurse who recorded: "Lower back pain since yesterday. Pain is now radiating down (L) leg. Denies any injury on job. Advised to see M.D. today." After his return from the first aid room, Saunders' general foreman asked him how he had injured his back. The foreman testified that Saunders responded that "he didn't know. He really couldn't pinpoint it but he felt like he hadn't done anything at home. He was just having quite a bit of pain with his back."

Saunders was treated by a physician from June 8 to June 20 under a diagnosis of sciatic nerve pain. When this treatment failed to improve his condition, he was referred to a neurosurgeon, who diagnosed a herniated intervertebral disc, which was ultimately removed surgically. The neurosurgeon reported the history given to him by Saunders: "He was working all day lifting table tops and states that during the day his back became sore. He did not experience a single episode of an injury but the next day found it very difficult to get out of bed because of low back pain."

Saunders applied for compensation, but the employer defended the claim, contending that no industrial accident had been shown resulting in an injury which would be compensable under Code § 65.1-7. After hearing the evidence, a deputy commissioner determined that the claimant had carried his burden of proving an industrial accident and awarded benefits. The full Commission affirmed, and we granted an appeal to the employer.

The Commission, on review, made a careful analysis of our prior decisions, and concluded that a distinction should be drawn between those cases in which a claimant, who has a prior back condition, suffers pain which becomes more intense while doing his normal work, and cases like Saunders', in which a claimant with no known history of back problems "is doing a different kind of work or work that is unusual to him and sustains in the course of a few hours a back injury which the attending physicians relate to this unusual exertion." In the former class of cases, the Commission held, the claimant must "identify a specific incident or motion which has caused his injury," but in the latter class, the unusual nature of the work, the contemporaneous onset of pain, and medical opinion as to causal relationship would be sufficient.

Such a distinction would, of course, open the prospect of compensation benefits to many workers who develop physical or mental impairment while engaged in unusually strenuous, repeti-

tive, or stressful work, without the necessity of proving any particular causative incident or event. Such a state of law may be highly desirable from the standpoint of social policy, but it would represent a marked change from the settled rule in Virginia. Policy determinations of this nature are peculiarly within the province of the General Assembly.*

As recently as in *VEPCO* v. *Cogbill*, 223 Va. 354, 288 S.E.2d 485 (1982), we said: "[T]he Workmen's Compensation Act was adopted for the benefit of the employees and their dependents and . . . should be liberally construed in order to accomplish this humane purpose. But liberal construction does not mean that the Act should be converted into a form of health insurance." *Id.* at 357, 288 S.E.2d at 487 (quoting *Rust Engineering Co.* v. *Ramsey*, 194 Va. 975, 980, 76 S.E.2d 195, 199 (1953)).

In *Cogbill*, we reaffirmed our prior holdings in *Badische Corp.* v. *Starks*, 221 Va. 910, 275 S.E.2d 605 (1981), and *Virginia Electric, Etc., Co.* v. *Quann*, 197 Va. 9, 87 S.E.2d 624 (1955), where we said that in order to show that he has suffered an "injury by accident" arising out of ordinary exertion, a claimant must prove an "identifiable incident that occurs at some reasonably definite time," which is the cause of "an obvious sudden mechanical or structural change in the body." *Cogbill*, 223 Va. at 356, 288 S.E.2d at 486. *See also Norfolk Dept. of Fire* v. *Lassiter*, 228 Va. 603, 324 S.E.2d 656 (1985) (employer was justified in defending claim of back injury where claimant gave "no account of any accident or sudden precipitating event on the job which might have caused his injury").

Saunders proved no accident, identifiable incident, or sudden precipitating event on June 7, 1983, or on any other day, to which his disc herniation could be attributed. The fact-finder could only speculate whether it arose from a work-related cause, a cause entirely outside the employment, or a combination of causes. No evidence was available to show whether it developed suddenly, or was gradually incurred and cumulative, becoming

---

* The General Assembly appointed a joint subcommittee to study this question, which filed its report at the regular session of 1983. Report of the Joint Subcommittee Studying the Feasibility of Compensating Gradually-Incurred, Work-Related Injuries under the Virginia Workmen's Compensation Act, H. Doc. No. 20 (1983). Although the report did not make specific recommendations, three bills, S.B. 213, S.B. 197, and H.B. 296, were introduced at the regular session, 1983, for the purpose of amending the requirement of "injury by accident." All failed of passage, and no legislative change has been made in this area.

painful only on June 7. We conclude that there was no credible evidence before the Commission to support its finding that Saunders had sustained an "injury by accident" as we have interpreted that statutory term.

Accordingly, we will reverse the order of the Industrial Commission, vacate the award, and enter final judgment for the employer.

*Reversed and final judgment.*