## Alexandria

PATRICIA D. RATLIFF

v.

ROCCO FARM FOODS and HOME INDEMNITY COMPANY

No. 0531-92-4

Decided April 13, 1993

COUNSEL

John W. Acree, for appellant.

M. Bruce Wallingen (Wharton, Aldhizer & Weaver, on brief), for appellee.

OPINION

**BENTON, J.**—Patricia Darlene Ratliff contends that the commission erred when it considered on review an issue that was not raised by either party, viz., whether the evidence was sufficient to establish an injury by industrial accident. Ratliff further contends that even if the issue was properly considered, the commission erred in determining that the evidence was insufficient to establish an injury by accident. For the reasons that follow, we affirm the commission's decisions.

## I.

The evidence proved that Ratliff was inspecting poultry on a conveyor belt at the Rocco Farm Foods plant on Monday, December 17, 1990, when a co-worker began to faint. Ratliff testified that she reached over a bar separating her from the co-worker and caught the co-worker who was falling backwards. She stated that she held the co-worker for "probably a minute." Randy Helmick, another worker, testified that the fainting worker caught herself before falling and that Ratliff did not touch her. Another worker similarly testified that Ratliff did not come in contact with the fainting worker.

Ratliff testified that she first noticed problems with her lower back the next night at the beginning of her shift. However, she worked full

shifts on Tuesday, Wednesday, and Thursday. On Friday morning, Ratliff said she was unable to get out of bed without help from her husband. Later that day, she went to see a chiropractor, Dr. Joseph C. Cheff. Dr. Cheff's report noted the incident of December 17 as described by Ratliff. The report also indicated that ''[Ratliff] stated that since the accident she didn't start to feel discomfort until two nights later at work.'' He diagnosed Ratliff as suffering from acute traumatic lumbar sprain, posterior lumbar facet irritation, and bilateral sciatic neuralgia.

An orthopedic follow-up was ordered by Rocco Farms. Dr. Mark A. Rhodes examined Ratliff and reported that her ''symptoms are potentially compatible with the injury sustained in holding the injured worker and straining her back which gradually did come on over several days.'' However, he could not substantiate that she was having pain during these several days. Dr. Rhodes released Ratliff to return to light duty work.

Ratliff filed an application for benefits after Rocco Farms notified her that it contested her account of the incident. Following an evidentiary hearing, the deputy commissioner concluded that although there was evidence that Ratliff exaggerated some of the events, ''the medical evidence preponderates in showing that Ratliff could have injured her lower back as alleged, resulting in four weeks of total disability due to a lumbar strain.'' Nevertheless, the deputy commissioner held that Ratliff's denial on an employment application of previous lower back problems constituted a material misrepresentation that barred her from receiving compensation. In her request for review, Ratliff noted exceptions to the finding of a material misrepresentation and the finding of an unjustified refusal to accept an offer of light duty. Rocco Farm Foods did not request review of any aspects of the deputy commissioner's opinion. On review, the commission found that Ratliff did not make a material misrepresentation. However, the commission affirmed the denial of Ratliff's claim because it concluded that Ratliff's evidence failed to establish an injury by accident.

## II.

Ratliff contends that the commission erred when it considered on review the issue whether the evidence established an injury by accident. She argues that, because no exception was taken to the deputy commissioner's finding that an injury by accident occurred, the issue

was not properly before the commission. We conclude that the commission acted consistent with its rules.

### A.

■ The deputy commissioner's opinion states that "Ratliff *could have* injured her lower back as alleged" (emphasis added). That statement denotes only the possibility that the injury occurred as alleged. To establish by a preponderance of the evidence a causal connection between the incident and the claimed disability, the "proof must go beyond conjecture." *Southall v. Eldridge Reams, Inc.*, 198 Va. 545, 548, 95 S.E.2d 145, 147 (1956). *See generally Manassas Ice & Fuel Co. v. Farrar*, 13 Va. App. 227, 234, 409 S.E.2d 824, 828-29 (1991). Thus, the deputy commissioner's opinion cannot be fairly read to hold that Ratliff's evidence proved by a preponderance of the evidence an injury by accident.

### B.

■ In any event, Rule 2(A) of the Rules of the Workers' Compensation Commission reads as follows:

> Request for Review. Within twenty (20) days from the date of the decision or award by a hearing Commissioner or Deputy Commissioner or award by the Claims Division, a party may file a request for review by the Full Commission of such decision or award. A request for review must be in writing and must be filed with the Clerk of the Commission (§ 65.2-705 and § 65.2-101, Code of Virginia). A request for review should specify each determination of fact or law to which exception is taken. A copy of the request for review must be furnished to the opposing party.

The commission has statutory authority to "make rules and regulations for carrying out the provisions of [the Act]." Code § 65.2-201(A). In *Brushy Ridge Coal Co. v. Blevins*, 6 Va. App. 73, 367 S.E.2d 204 (1988), this Court recognized the commission's authority to exercise its discretion under "Rule 2(A) . . . to hear . . . petition[s] for review without a specification of each determination of fact or law, and to determine all of the issues involved in the case." *Id.* at 78, 367 S.E.2d at 206. This Court has also stated, "however, . . . that the rule must be applied equally to all parties irrespective of whether they be claimant or employer/insurer." *Seneca Falls Greenhouse & Nursery v. Layton*, 9 Va. App. 482, 484, 389 S.E.2d 184, 186 (1990).

■ Ratliff does not claim that the commission has applied the rule inequitably. Rather, she contends the commission "had no jurisdiction to consider [the] question" of injury by accident. We disagree. The requirement that the request for review specify each determination of fact or law to which exception is taken is not "jurisdictional in nature, mandating that the commission disregard other errors that may be made by the deputy commissioner." *Blevins*, 6 Va. App. at 78, 367 S.E.2d at 206 (footnote omitted). Indeed, it has long been the rule that:

[a] single award may not be segmented into component parts, some of which are final dispositions and others of which are not. An appeal of a deputy commissioner's award empowers the Industrial Commission to reexamine all of the deputy commissioner's conclusions.

*Mace v. Merchants Delivery Moving & Storage*, 221 Va. 401, 404 n.3, 270 S.E.2d 717, 719 n.3 (1980) (per curiam). Accordingly, we conclude that the commission had the power to determine on review whether Ratliff had an injury by accident.

III.

■ "[I]n order to show that [she] has suffered an 'injury by accident' arising out of ordinary exertion, [Ratliff] must prove an 'identifiable incident that occurs at some reasonably definite time,' which is the cause of 'an obvious sudden mechanical or structural change in the body.'" *Lane Co. v. Saunders*, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985). "An 'injury by accident' has three components: (1) an identifiable incident; (2) a sudden mechanical or structural change in the body; and (3) a casual connection between the incident and the bodily change." *Kane Plumbing, Inc. v. Small*, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988). "Causation is an essential element which must be proven by a claimant in order to receive an award of compensation for an injury by accident." *AMP, Inc. v. Ruebush*, 10 Va. App. 270, 274, 391 S.E.2d 879, 881 (1990).

The commission found that Ratliff's evidence failed to establish injury by accident because the evidence was not sufficiently "persua[sive] that [Ratliff] suffered a back injury at the time she caught the falling co-worker." As the commission noted:

[Ratliff] experienced no pain at the time she caught the falling co-worker [on December 17]. She was able to complete that shift

and apparently did not experience any pain until approximately 24 hours later when she reported for work on the next shift.

Although pain does not have to be contemporaneous with the accident to be an injury by accident, *Morris v. Morris*, 4 Va. App. 193, 200, 355 S.E.2d 892, 896 (1987), *rev'd on other grounds*, 238 Va. 578, 385 S.E.2d 858 (1989), the commission could have reasonably concluded that the incident was not of such magnitude that pain that occurred twenty-four hours later must be attributed unerringly to an injury resulting from the incident.

The deputy commissioner expressed the insignificance of the incident as follows:

> While an *incident* obviously occurred on December 17 when Tracy Weimer was not feeling well, we find evidence of some exaggeration by the claimant in describing the incident. We find that she did not support the ninety pound co-worker for sixty seconds, as Ratliff testified on rebuttal. We found Haslacker's testimony credible and tending to establish that the entire incident took only a few seconds. Helmick added that Tracy Weimer helped support herself with one arm in a tray, and did not let go of the tray during the entire incident (emphasis added).

In addition, after the incident, Ratliff worked full shifts on the following three days before seeking medical treatment. Ratliff testified that she did not connect her back pain with the incident "until I got to my — to Dr. Cheff's office and he asked me what had I done that week that might have caused [the pain]." Although Dr. Rhodes indicated that Ratliff's back problems are potentially compatible with holding the injured worker, neither Dr. Rhodes nor Dr. Cheff unequivocally stated that Ratliff's back injury was caused by the incident. Significantly Dr. Cheff also noted that Ratliff had a history of "off and on dull low back pain since seventh grade, when she had a chair pulled out from under her" and that she had been his patient since 1990 for low back pain and arm paresthesia. Upon this evidence, the commission "could only speculate whether [the injury] arose from a work-related cause, a cause entirely outside the employment, or a combination of causes." *Lane Co.*, 229 Va. at 199, 326 S.E.2d at 704.

Accordingly, we conclude that the commission's finding that Ratliff did not establish an injury by accident is supported by credible evidence. *See Kane Plumbing*, 7 Va. App. at 135, 371 S.E.2d at 830.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.