COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Baker and Willis
Argued at Norfolk, Virginia


CHARLES RAY BELCH

v.        Record No. 1514-94-1        MEMORANDUM OPINION*
                                      BY JUDGE JOSEPH E. BAKER
RAY BELCH HOME MAINTENANCE AND              JUNE 6, 1995
 FLOOR COVERING
and
LIBERTY MUTUAL INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Karen M. Rye for appellant.

        William C. Walker (Donna White Kearney; Taylor &
    Walker, P.C., on brief), for appellees.


        Charles R. Belch (claimant) appeals a decision by the

Virginia Workers' Compensation Commission (commission) that he

failed to prove by a preponderance of the evidence that his May

4, 1993 back injury "arose out of" his employment.  The sole

issue presented by this appeal is whether claimant's back injury,

that occurred while rising from a kneeling position to a half

crouch while turning and reaching to retrieve tile, arose out of

his employment.

        As the parties are familiar with the facts, we state only

those necessary to an understanding of this opinion.  Viewed most

favorably to employer, the prevailing party below, the record

discloses that claimant was a self-employed commercial floor

_____

        *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

covering installer for Ray Belch Home Maintenance and Floor
Covering (employer).  He had been in the industry for thirty
years and his job required him to spend much of his time on his
hands and knees.  On May 4, 1993, claimant was working at a Farm
Fresh store in Chester Heights, Virginia.  After spreading
adhesive for a couple of hours, he began laying tile.  When
claimant "went to raise up to pick up more tile" he felt "a pain
in [his] back and [his] left leg, and [he] went back down on
[his] knees and [he] couldn't get up."  The pain gradually
worsened necessitating a coworker to take claimant to the
hospital.[1]

The deputy commissioner found that claimant's testimony
proved an identifiable incident that occurred at a reasonably
definite time, an obvious sudden mechanical or structural change
in the body, and a causal connection between the incident and the
bodily change.  The deputy commissioner further found that
although claimant testified that he experienced a sharp sudden
pain as he raised up to reach for tile, this did not point to any
work-related factor that contributed to his injury, other than
laying tile over a one-hour period in which he experienced no
pain.

---

[1]Although the above is a summary of the testimony given by
claimant before the deputy commissioner, the record contains even
less favorable evidence that fails to support claimant's
testimony, including statements made by claimant that his injury
came on gradually.

In affirming the deputy commissioner's ruling that claimant had not proved his injury "arose out of" his employment, the commission rejected claimant's argument that he was required to work in an awkward position over an extended period of time. The commission ruled that:

> Even assuming the claimant proved an injury by accident[2], we find that he has failed to establish that the conditions of the workplace contributed to the cause of his injury. The pain arose as he was reaching for tile, with nothing in his hands. There is no evidence that the conditions of the workplace required him to work in an awkward position over a period of time.

We agree with the decision of the commission and affirm its judgment.

The fundamental purpose of the Workers' Compensation Act is to compensate employees for accidental injuries that occur within the hazards of the employment. Morris v. Morris, 238 Va. 578,

---

[2]Indeed, Belch's case seems more like those cases cited by the Supreme Court in Morris as support for its holding. See, e.g., Tomko v. Michael's Plastering, 210 Va. 697, 173 S.E.2d 833 (1970) (herniated disc diagnosed after repeated heavy lifting; gradually increasing soreness not proof of "obvious sudden mechanical or structural change"); Badische Corp. v. Starks, 221 Va. 910, 275 S.E.2d 605 (1981) (same; where employee cannot identify particular movement or action causing injury, compensation not recoverable); VEPCO v. Cogbill, 223 Va. 354, 288 S.E.2d 485 (1982) (lumbar strain developed from prolonged sitting in straight-backed chair; not compensable because no sudden, obvious mechanical or structural change shown); The Lane Co., Inc. v. Saunders, 229 Va. 196, 326 S.E.2d 702 (1985) (herniated disc diagnosed after unusual repetitive heavy lifting followed by gradually developing pain; not compensable because no accident, identifiable incident, or sudden precipitating event shown); Kraft Dairy Group v. Bernardini, 229 Va. 253, 329 S.E.2d 46 (1985) (injury caused by cumulative trauma due to repetitive exertions not compensable).

584, 385 S.E.2d 858, 861-62 (1989) (citing Fettig v. Chalkley, 185 Va. 96, 102, 38 S.E.2d 73, 75 (1946)). The burden is on the claimant to prove by a preponderance of the evidence (1) an injury by accident (or occupational disease), (2) arising out of, and (3) in the course of the employment. Id., 385 S.E.2d at 862; Code § 65.1-7. Claimant's testimony at the hearing, though contradictory of some other statements made by him, does not show that his injury occurred "within a hazard of the work place." The mere happening of an accident at the workplace, not caused by any work-related risk or significant work-related exertion, is not compensable. Plumb Rite Plumbing Services v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

The words "arising out of" in Code § 65.1-7 refer to the origin or cause of the injury. Baggett & Meador Cos. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978). To entitle claimant to compensation under the Act for an injury "arising out of" his employment, claimant must show that the injury arose from risks peculiar to his employment or must have been sustained in the course of an employment activity to which the public is not exposed. Richmond Mem. Hosp. v. Crane, 222 Va. 283, 286-87, 278 S.E.2d 877, 879 (1981).

> [The injury arises out of the employment]
> "'when there is apparent to the rational mind
> upon consideration of all the circumstances,
> a causal connection between the conditions
> under which the work is required to be
> performed and the resulting injury. Under
> this test, if the injury can be seen to have
> followed as a natural incident of the work
> and to have been contemplated by a reasonable

person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.'"

Dillon, 219 Va. at 637-38, 248 S.E.2d at 822 (citations omitted).

Accepting claimant's testimony as related to the deputy commissioner, we cannot say as a matter of law that the commission's decision was plainly wrong or that claimant's evidence was sufficient to sustain his burden to prove an injury by accident arising out of his employment.

Accordingly, we affirm the commission's decision.

Affirmed.