COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Benton, and Overton
Argued at Salem, Virginia

VIRGINIA DEPARTMENT OF
  TRANSPORTATION
                                    MEMORANDUM OPINION* BY
v.  Record No. 0181-95-3          JUDGE JAMES W. BENTON, JR.
                                       JANUARY 23, 1996
ROY DAVID MITCHELL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            James W. Osborne, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            briefs), for appellant.

            E. Craig Kendrick (Ginger Jonas Largen;
            Morefield, Kendrick, Hess & Largen, on
            brief), for appellee.


        The Virginia Department of Transportation (VDOT) appeals the

commission's finding that Roy David Mitchell, an employee of

VDOT, suffered an injury by accident while he was digging a sign

post hole.  VDOT contends that the commission erroneously

reversed the deputy commissioner's credibility finding and that

the medical evidence did not support the finding of a compensable

injury.  We affirm the commission's decision.

        In reviewing the commission's decision, we must view the

evidence in the light most favorable to Mitchell, the party

prevailing below.  Crisp v. Brown's Tysons Corner Dodge, Inc.,

1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  We may only

overturn the commission's findings of fact if they are not

supported by any credible evidence.  Code § 65.2-706(A); Manassas

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enterprises v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Viewed in light of these principles, the evidence proved that during the winter of 1991, Mitchell temporarily was re-assigned from his usual job of operating a hydraseeder to VDOT's district sign shop. While digging a sign post hole on February 3, 1992, Mitchell struck rock with a metal post hole digger. Mitchell attempted to puncture the rock by repeatedly striking it with a steel bar. After hitting the rocks numerous times, Mitchell "struck the rock on one particular occasion [and] he commenced having numbness and tingling in his left hand." He immediately stopped and informed his supervisor. On February 11, he visited Dr. Robert Bechtel who diagnosed possible carpal tunnel syndrome. Dr. Bechtel referred Mitchell to Dr. Douglas P. Williams for nerve conduction studies and also to Dr. Carey McKain, an orthopedist. All three doctors identified the injury as probable carpal tunnel syndrome. Dr. McKain performed surgery on Mitchell's left wrist that eventually enabled him to resume his regular work.

The deputy commissioner denied workers' compensation benefits because he found that the injury resulted from

cumulative and repetitive trauma and not a specific incident or event. Because the tapes from the April 19, 1994 hearing were lost, both parties stipulated on the commission's review that the deputy commissioner's summary of the evidence accurately recounted the hearing testimony. Reviewing the evidence, including Mitchell's testimony as contained in the summary of evidence, the commission found that Mitchell suffered an injury by accident when he struck rock at a particular occasion. Finding that the medical evidence proved a work-related disability, the commission awarded benefits to Mitchell.

To prove an injury by accident, an employee "must prove an 'identifiable incident that occurs at some reasonably definite time,' which is the cause of 'an obvious sudden mechanical or structural change in the body.'" The Lane Co., Inc. v. Saunders, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985)(citation omitted). In rejecting the deputy commissioner's finding that the injury occurred during repetitive work rather than from a single incident, the commission made the following findings:

> The claimant testified and the record supports the fact that in digging holes on the morning of February 3, 1992, the claimant struck rock causing repeated jolting to his arms. On one particular jolt, the claimant suddenly felt a tingling and numbness in his left hand. He immediately stopped work and notified his employer that he was injured and could no longer dig. Later that day his arm grew painful. He had no prior symptoms or problems with his arm. The medical reports link this "on the job incident" to the claimant's carpal tunnel syndrome.

- 3 -

At the hearing before the deputy commissioner, Mitchell testified that the numbness and tingling occurred after he hit the rock on one specific occasion. The commission relied primarily on this testimony in reversing the deputy commissioner. Further support for the commission's finding can be found in Mitchell's answer to VDOT's interrogatories where he reported that after he hit the rock, "[s]uddenly, [he] felt a sensation of tingling and numbness in his left fingers, wrist and arm." The commission's findings are also supported in the medical evidence in which Mitchell's doctor opined that the "on the job incident" caused the carpal tunnel syndrome. Thus, credible evidence in the record supports the commission's findings.

VDOT contends, however, that the commission erred in reversing the deputy commissioner's credibility findings. We disagree. The principles set forth in Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 363 S.E.2d 433 (1989), do not shelter the deputy commissioner's findings from review by the commission solely because the deputy commissioner heard the testimony. Explaining Pierce, this Court has emphasized that when "the deputy commissioner's determination of credibility is based upon the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy." Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 881 (1992). See also Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907

- 4 -

(1992).

The deputy commissioner did not make "a specific, recorded observation of a key witness' demeanor or appearance in relation to credibility." Pierce, 5 Va. App. at 382, 363 S.E.2d at 437. Indeed, the deputy commissioner made no specific credibility finding in his decision. His decision was based upon his analysis of the substance of all of the evidence. However, the weighing and analysis of the evidence in such a circumstance "is as determinable by the full commission as by the deputy." Morris, 14 Va. App. at 236, 415 S.E.2d at 881. We must defer to the commission's redetermination of the evidence.

Accordingly, the commission's findings, based upon its analysis of all the evidence, are supported by credible evidence in the record.

Affirmed.