COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


THELMA MORRIS ST. CLAIR

v.        Record No. 1666-95-4        MEMORANDUM OPINION[*]
                                              PER CURIAM
GREAT EASTERN RESORT MANAGEMENT        FEBRUARY 6, 1996
AND
HARTFORD UNDERWRITERS INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Thelma Morris St. Clair, pro se, on brief).

            (Dawn E. Boyce; Heather K. Bardot; Trichilo, Bancroft,
            McGavin, Horvath & Judkins, on brief), for appellees.


        Thelma Morris St. Clair (claimant) contends that the
Workers' Compensation Commission (commission) erred in finding
that she failed to prove that her back injury was causally
related to her compensable February 13, 1993 injury by accident.
Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "To
establish by a preponderance of the evidence a causal connection
between the incident and the claimed disability, the 'proof must
go beyond conjecture.'"  Ratliff v. Rocco Farms Foods, 16 Va.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

App. 234, 237, 429 S.E.2d 39, 41 (1993) (quoting <u>Southall v. Eldridge Reams, Inc.</u>, 198 Va. 545, 548, 95 S.E.2d 145, 147 (1956)).  Moreover, unless we can say as a matter of law that claimant's evidence sustained her burden of proving causation, the commission's findings are binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission denied claimant's application because her treating physician, Dr. Stephen Phillips, was unable to render an opinion to a reasonable degree of medical probability that her herniated disc and subsequent surgery and disability were causally related to her February 13, 1993 injury by accident. The record supports this finding.

Between February 15, 1993 and March 7, 1994, claimant did not mention back or leg pain to Dr. Phillips.  Beginning in April 1993, claimant returned to work without restriction.  On March 7, 1994, more than one year after the accident, claimant complained to Dr. Phillips of the recent onset of leg pain.  A CT scan revealed a left herniated disc at the L5-S1 level.  Based upon claimant's ability to perform her regular work and her lack of complaints suggestive of a herniated disc for approximately one year after the accident, Dr. Phillips opined that it was "possible" that claimant's back condition was related to the accident.  There is no other credible medical evidence in the

2

record supporting a causal connection.[1]

Based upon the speculative nature of Dr. Phillips' opinion and the lack of other credible medical evidence supporting a causal connection between claimant's back condition and her February 13, 1993 injury by accident, we cannot say as a matter of law that claimant sustained her burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.

---

[1]We note that the commission, in its role as fact finder, was entitled to give little weight to Dr. John Jane's opinion, which was based upon an inaccurate history. Dr. Jane indicated that claimant told him that all of her pain began immediately after the February 1993 accident. Dr. Jane's opinion was based upon this temporal continuity. However, as stated herein, the medical records show that claimant did not complain of leg or back pain until March 1994, more than one year after the accident.