COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

ROY EDWARD SMITH

v.   Record No. 2164-95-3                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
KOCH RAVEN/KOCH INDUSTRIES, INC.             MARCH 12, 1996
AND
RELIANCE NATIONAL INDEMNITY COMPANY


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Gerald F. Sharp; Browning, Lamie & Sharp, on brief),
            for appellant.

            (Michael F. Blair; Penn, Stuart, Eskridge & Jones, on
            brief), for appellees.


     Roy Edward Smith ("claimant") contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that his back pain and disability beginning in August 1994 were

causally related to his compensable December 3, 1993 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

sustained his burden of proving causation, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission found that claimant's evidence did not meet the requisite burden of proof on the ground that the opinions of Dr. J.P. Sutherland, Jr., claimant's treating physician, raised only the possibility that his back complaints and disability beginning in August 1994 were caused by his compensable December 1993 back injury. In so ruling, the commission found as follows:

> [Claimant testified that he] continued to experience low back and left leg symptoms after returning to regular employment as an equipment operator in December 1993. He missed no time from work and received no medical treatment for the ensuing eight months. The claimant returned to Dr. Sutherland on August 11, 1994. His complaints, by history, were essentially the same as those noted on December 6, 1993. Dr. Sutherland first reported on October 12, 1994, that those complaints "could be related to an injury which occurred on 12/3/93. . . ." He further noted that the initial injury had been aggravated by activities associated with the claimant's work, i.e., lifting, bending, stooping, etc. Dr. Sutherland next reported on December 20, 1994, that "there had to be some type of on-going problems associated with degenerative disc disease that has been brought from an asymptomatic condition to a symptomatic condition . . ." by the industrial accident. In his deposition, he agreed that there were at least three possible causes of the claimant's back complaints, only one of which included an industrial injury superimposed on a preexisting condition.

These factual findings are consistent with the record and support the commission's decision. "To establish by a

2

preponderance of the evidence a causal connection between the incident and the claimed disability, the 'proof must go beyond conjecture.'" Ratliff v. Rocco Farm Foods, 16 Va. App. 234, 237, 429 S.E.2d 39, 41 (1993) (quoting Southall v. Eldridge Reams, Inc., 198 Va. 545, 548, 95 S.E.2d 145, 147 (1956)). Because Dr. Sutherland's opinions only raised the possibility that claimant's back complaints and disability beginning in August 1994 were caused by his compensable December 3, 1993 injury by accident, we cannot find as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, we affirm the commission's decision.

Affirmed.
