COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


SUPER FRESH/GREAT ATLANTIC &
 PACIFIC TEA COMPANY
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0924-96-4   JUDGE ROSEMARIE ANNUNZIATA
                                         OCTOBER 29, 1996
HILDA T. ROBINSON


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


               Mark M. Caldwell, III (Ralph L. Whitt, Jr;
               Sands, Anderson, Marks & Miller, on brief),
               for appellant.

               Craig A. Brown (James F. Green; Ashcraft &
               Gerel, on brief), for appellee.


     This matter came before the commission on the application of

claimant, Hilda T. Robinson, seeking temporary total disability

benefits as the result of an alleged injury by accident arising

out of and in the course of her employment with employer, Super

Fresh Food Markets, Inc.  The deputy commissioner entered an

award in behalf of claimant, which the full commission affirmed.

 Employer appeals, contending the commission erred in finding

claimant suffered a compensable injury by accident.  We disagree

and affirm.

                                I.

     Claimant testified as follows.  Claimant worked as a cashier

in employer's store.  Between 1:00 p.m. and 3:00 p.m. on August

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

9, 1994, claimant used her right arm to transfer a "suitcase" of beer from the register area to a customer's shopping cart. In so doing, claimant felt pain shoot quickly up her arm, across her shoulder, up her neck, and to the top of her head. Claimant completed her shift, working another sixty to ninety minutes and, for the rest of the day, found she had to use her left arm to support her right arm when she transferred heavy items into the carts. Before she left work, claimant told Joanne Cochran, employer's office personnel manager, she hurt her arm "[l]ifting heavy containers and putting them into the cart." Claimant did not know whether she told Cochran she injured her shoulder lifting a particular container or whether she referred to containers in general. Claimant phoned Cochran the following day to tell Cochran her arm was still hurting and she would not be coming to work. Cochran suggested that claimant see a doctor, and she told claimant she would report the incident to Keith Rankin, employer's safety supervisor. Rankin is the person to whom work-related injuries are reported. On August 12, 1994, claimant saw Dr. Frederick Griffith who directed claimant not to return to work. Dr. Griffith referred claimant to Dr. James T. Gable. Claimant related this information to employer who asked claimant to report to them anything she learned from the doctors. In response to inquiry from both doctors concerning what happened, claimant stated that she was "lifting whatever the customer buys to put into the cart."

Employer's First Report of Accident reflects that claimant sustained an injury on August 9, 1994 at 3:00 p.m. that was reported August 11, 1994.

> Dr. Griffith's August 12, 1994 office note states, in part:
> Mrs. Robinson developed a headache and while at work and doing a lot of lifting developed pain in her shoulder. Now it hurts to move her arm and has pain up in her neck. She has not had this problem before. . . . Has not had shoulder problems before. Doesn't remember any one specific injury.

Dr. Griffith's August 22, 1994 note states, in part:
> Continues to have pain in her shoulder. . . . She has never had problems before until it started bothering her that day at work when she was carrying things, although she doesn't remember traumatic incident with [sic] precipitated this.

In both an "Attending Physician's Report" and an August 30, 1994 letter to Dr. Griffith, Dr. Gable notes that claimant's injury occurred while lifting cases at work.

On cross-examination, claimant testified that one specific act caused her injury. She told Dr. Griffith she was lifting heavy items in the course of her normal job duties and developed pain. She could not recall whether she mentioned to Dr. Griffith the particular "suitcase" of beer, although she thought she had mentioned it. However, she admitted that if Dr. Griffith wrote that she did not remember a specific injury, then she guessed she told him that. She also admitted that she must have told Dr. Griffith she did not remember a traumatic incident because that is what he wrote. Claimant could not remember whether she told

Dr. Griffith about a particular case of beer; however, her present recollection was that she thought she had told him.

Joanne Cochran testified as follows. Claimant did not report the incident on August 9, 1994. Claimant contacted Cochran the next morning and told her she would not be at work because her shoulder hurt. Claimant told Cochran she thought she had slept on her shoulder wrong. Cochran asked if claimant's condition was work-related, and claimant responded that it was not. Claimant never told Cochran about a "suitcase" of beer and never described a specific injury to Cochran. Cochran suggested that claimant seek treatment because of her concern for claimant. After claimant saw Dr. Griffith, she phoned Cochran and told her the doctor said her condition was not work-related and that she had not contacted Rankin because claimant thought her condition was not job-related. Nonetheless, Cochran related claimant's report to Rankin because Cochran was concerned the issue might come up later. About two weeks later, claimant phoned Cochran and told her the doctor said her condition was work-related.

Rankin testified as follows. On August 11, Cochran told Rankin that claimant was not coming to work because her shoulder hurt but that her condition was not job-related. The following day, claimant presented Rankin a bill from Dr. Griffith. Claimant told Rankin that Dr. Griffith could not say whether her condition was job-related, and claimant did not identify any job-related incident. Nonetheless, Rankin kept the bill on file

- 4 -

and discussed the incident with the store manager and regional safety manager, who together decided not to file an accident report.

"Upon viewing the claimant at the hearing," the deputy commissioner found claimant's description of the accident credible. The deputy commissioner noted that inconsistencies in both the medical histories and in claimant's own explanations of her condition existed because claimant often referred to "cases" in addition to the one "pain-producing case." The deputy commissioner also found claimant's submission of Dr. Griffith's medical bill to Rankin contradicted Cochran's testimony that claimant only reported she slept on her arm the wrong way and that she was not advised of a potential work-related injury until August 22. The deputy commissioner also found that Rankin would not have consulted so extensively with the store manager and regional manager about filing an accident report had employer thought claimant's condition was not work-related. The deputy commissioner found claimant suffered a compensable injury by accident which resulted in her temporary total disability.

The full commission affirmed the award. The commission found the evidence demonstrates that claimant associated her problem with work activities. It refused to place determinative reliance on the medical reports and, instead, deferred to the deputy commissioner's resolution of what it considered to be a credibility matter.

II.

To establish an "injury by accident," a claimant must prove "an identifiable incident or sudden precipitating event [that results] in an obvious sudden mechanical or structural change in the body."  E.g., Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  A gradually incurred injury is not an "injury by accident" within the meaning of the Act.  Middlekauff v. Allstate Ins. Co., 247 Va. 150, 154, 439 S.E.2d 394, 397 (1994).  Thus, where the evidence demonstrates that a condition resulted from cumulative trauma rather than an identifiable event, the condition is not an "injury by accident."  See, e.g., The Lane Co., Inc. v. Saunders, 229 Va. 196, 199-200, 326 S.E.2d 702, 703-04 (1985).  Furthermore, to be compensable, a claimant's disability must have been caused by the "injury by accident."  See Southall v. Reams, Inc., 198 Va. 545, 548, 95 S.E.2d 145, 147 (1956); Ratliff v. Rocco Farm Foods, 16 Va. App. 234, 239, 429 S.E.2d 39, 42-43 (1993).

Here, employer contends that the commission's finding that claimant experienced "an identifiable incident or sudden precipitating event" is not supported by credible evidence.  Employer also assails the commission's findings of causation at both levels.  It argues the evidence fails to support the finding that the work-related event resulted in "an obvious sudden mechanical or structural change in [claimant's] body."  It also argues the evidence fails to support the finding that the

work-related event caused her disability.

On appeal, we construe the evidence in the light most favorable to claimant, the prevailing party below. See, e.g., R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We are bound by the commission's findings of fact if they are supported by credible evidence. E.g., Continental Forest v. Wallace, 1 Va. App. 72, 73-74, 334 S.E.2d 149, 150 (1985). In light of these principles, we affirm the decision of the commission.

A.

Claimant's testimony clearly points to "an identifiable incident or sudden precipitating event." She associates the onset of her condition with her transfer of a particular "suitcase" of beer to the shopping cart of a particular customer. "Upon viewing the claimant at the hearing," the deputy commissioner found claimant's description of the accident credible. We agree with employer that the record contains other evidence which would support a finding that claimant never identified the lifting of a particular case of beer. However, the fact that contrary evidence may appear in the record "is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

We agree with employer that the commission was not necessarily bound by the deputy commissioner's finding that

- 7 -

claimant's testimony was credible. Indeed, the commission could have reversed that finding of credibility if it articulated a reasonable basis for doing so. See, e.g., Goodyear Tire & Rubber v. Pierce, 9 Va. App. 120, 123, 384 S.E.2d 333, 335 (1989). The commission, however, affirmed the deputy commissioner's finding.

We find no basis to conclude that the commission erred by not reversing the deputy commissioner's credibility finding. The deputy commissioner not only found claimant credible, it found employer's witnesses incredible based on inconsistencies in their testimony and inconsistencies in the actions they took at the time of the incident. Furthermore, although the histories reflected in claimant's medical records do not disclose a specific lifting incident, that fact alone is not sufficient to support the conclusion that claimant's hearing testimony was inherently incredible as a matter of law. Cf. Dollar General Store v. Cridlin, 22 Va. App. 171, 177, 468 S.E.2d 152, 155 (1996) (medical reports reflect results of physical examination and do not purport to establish cause of injury).

In short, the commission's finding that claimant experienced an "identifiable incident or sudden precipitating event" is supported by credible evidence. Accordingly, we affirm that finding.

B.

Relying, in part, on Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 159 S.E.2d 633 (1968), employer argues that the commission

must rely on medical evidence to determine whether the "identifiable incident" resulted in a "an obvious sudden mechanical or structural change in the body" and whether, if it did, the "injury by accident" caused the disability. We disagree. Hosey does not support employer's assertion. See Cridlin, 22 Va. App. at 176, 468 S.E.2d at 154. Moreover, as this Court stated in Cridlin,

> "To appraise the true degree of indispensability which should be accorded medical testimony, it is first necessary to dispel the misconception that valid awards can stand only if accompanied by a definite medical diagnosis. True, in many instances it may be impossible to form a judgment on the relation of the employment to the injury, or relation of the injury to the disability, without analyzing in medical terms what the injury or disease is. But this is not invariably so. In appropriate circumstances, awards may be made when medical evidence on these matters is inconclusive, indecisive, fragmentary, inconsistent, or even nonexistent."

Id. at 177, 468 S.E.2d at 154-55 (quoting A. Larson, The Law of Workmen's Compensation § 79.51(c) (1995) (citations omitted)).

Here, claimant's testimony clearly points to "an obvious sudden mechanical or structural change in the body." Claimant testified that, upon lifting the "suitcase" of beer, she felt pain shoot quickly up her arm, across her shoulder, up her neck, and to the top of her head. We find no evidence in the record to suggest claimant had merely exacerbated a preexisting condition. On the contrary, claimant's medical reports support a finding that claimant had "never had problems before until . . . that day at work."

Employer argues the absence of evidence in the medical reports demonstrating an "identifiable incident" shows claimant did not suffer "an obvious sudden mechanical or structural change in [her] body." However, our finding that credible evidence supports the commission's finding that an identifiable incident occurred disposes of this argument.

In short, the commission's finding that the identifiable incident resulted in "an obvious sudden mechanical or structural change in [claimant's] body" is supported by credible evidence. Accordingly, we affirm that finding.

C.

Finally, the commission's finding that claimant's "injury by accident" caused her disability is supported by credible evidence. Claimant's medical records provide clear evidence that the disability for which her physicians treated her was caused by the work-related event. Cf. Hosey, 208 Va. at 570, 159 S.E.2d at

634 ("While the doctors' reports do not specifically spell out in so many words that claimant's work activity was the producing cause of the injury, their responses to the questions asked on the forms made it very plain that such was their opinion"). Indeed, there is no evidence in the record to support a contrary finding that some other event caused claimant's disability.

For the foregoing reasons, the award of the commission is affirmed.

_Affirmed._
