COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Overton
Argued at Richmond, Virginia


WESTPOINT STEVENS-DRAKES
 BRANCH/WESTPOINT STEVENS, INC.
 AND TRAVELERS INDEMNITY COMPANY
 OF ILLINOIS                          MEMORANDUM OPINION[*] BY
                                       JUDGE LARRY G. ELDER
v.        Record No. 0008-97-2            JUNE 17, 1997

DOROTHY DAVIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Warren H. Britt (Britt & Gnapp, P.C., on
              briefs), for appellants.

              Robert L. Flax (Rhetta M. Daniel, on brief),
              for appellee.


        Westpoint Stevens-Drakes Branch and Travelers Indemnity

Company of Illinois (appellants) appeal an order of the Workers'

Compensation Commission (commission) awarding medical benefits to

Dorothy Davis (claimant).  Appellants argue that the evidence was

insufficient as a matter of law to prove that claimant suffered

an "injury by accident."  Specifically, appellants argue that the

evidence does not support the commission's factual finding that

claimant's slip at work on March 13, 1995 caused the injuries to

claimant's knee, ankle, and back that were subsequently diagnosed

by her treating physician.  For the reasons that follow, we

affirm.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988) (citations omitted); see Code § 65.2-101. An "injury by accident" requires proof of "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990) (citing Lane Co. v. Saunders, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985)) (emphasis added).

Appellants do not argue that claimant failed to prove that an identifiable incident occurred at a definite time on March 13 or that Drs. Cook and Ragonesi diagnosed the existence of a bodily change. Instead, they contend that the evidence was insufficient to prove that claimant's slip on March 13 caused the injuries to her knee, ankle, and back.

"Causation is an essential element which must be proven by claimant in order to receive an award of compensation for an injury by accident." AMP, Inc. v. Ruebush, 10 Va. App. 270, 274, 391 S.E.2d 879, 881 (1990). "To establish by a preponderance of the evidence a causal connection between the incident and the claimed disability, the 'proof must go beyond conjecture.'" Ratliff v. Rocco Farm Foods, 16 Va. App. 234, 237, 429 S.E.2d 39,

-2-

41 (1993) (quoting Southall v. Elridge Reams, Inc., 198 Va. 545, 548, 95 S.E.2d 145, 147 (1956)).

On review, we construe the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings of the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The determination whether or not a particular incident caused a particular structural or mechanical change in the body is a factual finding. See Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

We hold that the evidence was sufficient to prove that claimant suffered an "injury by accident" when she slipped on March 13. Dr. Ragonesi expressly opined in a report dated March 23, 1995 that claimant's strains of her knee, ankle, and back were caused when she slipped and caught herself on the repairman's tool cabinet. Although claimant did not experience pain in her knee, ankle, and back until the day following her slip, "pain does not have to be contemporaneous with the accident to be an injury by accident." Ratliff, 16 Va. App. at 239, 429 S.E.2d at 42.

Appellants argue that Dr. Ragonesi's medical opinion regarding the causation of claimant's injuries is not credible evidence and that the commission was therefore left to speculate

-3-

about the existence of a causal relationship between claimant's slip and the diagnosed strain of her knee, ankle, and back. They assert that Dr. Ragonesi's medical opinion of March 23, 1995 is incredible because his letter of January 29, 1996 certifying that he treated claimant shows that his understanding of claimant's accident was inaccurate. We disagree.

Dr. Ragonesi's letter of January 29, 1996 does not render his medical opinion of March 23, 1995 incompetent. The commission errs when it attributes any weight to a medical opinion based on a faulty premise or misinformation provided by a claimant. Clinchfield Coal Co. v. Bowman, 229 Va. 249, 252, 329 S.E.2d 15, 16 (1985); Sneed v. Morengo, Inc., 19 Va. App. 199, 205, 450 S.E.2d 167, 171 (1994). Although the summary of claimant's accident contained in Dr. Ragonesi's letter conflicted with claimant's testimony at the hearing that she did not actually fall to the floor, the letter does not indicate that Dr. Ragonesi's understanding of claimant's accident was flawed at the time he formed and gave his opinion in March, 1995.

Instead, the record indicates that Dr. Ragonesi's understanding of claimant's accident at the time he rendered his opinion was consistent with claimant's testimony at the hearing. Claimant testified that she slipped and caught herself on the repairman's tool cabinet before falling to the floor and that she began experiencing pain the following morning. Contrary to appellants' assertion, claimant did not testify about either the

-4-

direction in which her body fell or the movements of her knee, ankle, and back during the slip.  In his written medical opinion of March 23, 1995, Dr. Ragonesi summarized his understanding of claimant's slip:

> **Description of accident by patient**
> [Claimant] was walking on concrete floor in the factory and slipped on a piece of plastic from one of the machines, fell backwards, catching herself with her arm, this caused her to wrench her back on the left side as well as twist her right ankle and strain her right knee.

(Emphasis added.)  Although Dr. Ragonesi's summary does indicate the direction of claimant's fall and the movement of her knee, ankle, and back, it does not indicate when claimant first experienced pain.  Claimant's and Dr. Ragonesi's accounts of the slip merely provide information not contained in the other. Because Dr. Ragonesi's understanding of claimant's slip is consistent with and not contradicted by claimant's testimony, the commission's reliance on Dr. Ragonesi's medical opinion was not erroneous.

Because credible evidence supports the commission's finding that claimant's slip on March 13 caused her injuries, we cannot say that the evidence was insufficient to prove that claimant suffered an injury by accident.

For the foregoing reasons, we affirm the commission's award of medical benefits.

Affirmed.