COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


OLD HOUSE SPECIALISTS, INC. and
 COMMONWEALTH CONTRACTORS GROUP
 SELF-INSURANCE ASSOCIATION

                                          MEMORANDUM OPINION[*] BY
v.          Record No. 0259-97-1          JUDGE NELSON T. OVERTON
                                             SEPTEMBER 23, 1997
DAVID ROBERT COLEMAN


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Carter B. S. Furr (McGuire, Woods, Battle and
               Boothe, L.L.P., on brief), for appellants.

               No brief or argument for appellee.


     Old House Specialists, Inc. (employer) appeals from a

decision of the Workers' Compensation Commission awarding David

Coleman (claimant) benefits for a work-related injury.  Employer

contends that the commission's finding that claimant suffered a

compensable injury by accident was erroneous.[1]  Because we hold

that the finding was not supported by credible evidence, we

reverse.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Employer also argues that under the <u>Massie</u> doctrine,
claimant should not have been able to "rise above his own
testimony."  Because the case is fully disposed by our holding on
the first issue, we decline to address this second issue.

Employer claims that claimant's injury was not the result of an "'identifiable incident or sudden precipitating event,'" Morris v. Morris, 238 Va. 578, 588, 385 S.E.2d 858, 864 (1989) (quoting The Lane Co., Inc. v. Saunders, 229 Va. 196, 199, 326 S.E.2d 702, 703-04 (1985)), as the commission found, but instead was the result of the repetitive, cumulative trauma of pulling the starter cord of a portable generator twenty to thirty times each morning for several weeks.[2] After careful review of the record, we are compelled to agree.

"[T]he issue whether a worker has suffered an impairment that constitutes a compensable disease is a mixed question of law and fact and, hence, a Commission finding on the question is not conclusive and binding upon this Court but is properly subject to judicial review." Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996). The evidence clearly indicates that the claimant suffered pain and numbness in his hand for several weeks prior to December 29, 1995, the date to which the claimant attributes his injury.

The commission found that claimant's injury was compensable as an accident which aggravated a pre-existing condition. It based this finding almost exclusively on statements taken from

---

[2]Employer's counsel has submitted three unpublished opinions from this Court in support of its position. "Unpublished memorandum opinions of this Court are not to be cited or relied upon as precedent except for the purpose of establishing res judicata, estoppel or the law of the case." Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987).

2

the medical records to the effect that claimant was sore for weeks but "pulling on [a] generator 3 days ago, worsened it." Yet he had also told his doctors that there was "[n]o one incident or injury" that caused the pain.  He also stated at the hearing that his condition was a "gradual thing" made worse "over a period of that time."  Finally, claimant testified that Dr. Fedro did not think that "pulling on the generator that one time caused this incident."  The record is silent as to the opinions of claimant's other physicians, Dr. McDermott and Dr. Neff. While we acknowledge that the evidence is somewhat conflicting, we hold as a matter of law that the facts are insufficient to support the commission's finding that the injury was the aggravation of a pre-existing condition and not, as we conclude, the effect of repetitive, cumulative trauma.  See Merillat Indus., Inc. v. Parks, 246 Va. 429, 430, 436 S.E.2d 600, 600 (1993) (holding that a possibly torn left arm rotator cuff that was the result of cumulative trauma was not compensable).

Accordingly, the decision of the commission is reversed and dismissed.

Reversed and dismissed.

3