COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis


MARLEY MOULDINGS, INC. AND
 ZURICH INSURANCE COMPANY

                                         MEMORANDUM OPINION*
v.    Record No. 2272-99-3                  PER CURIAM
                                          FEBRUARY 15, 2000
PATRICIA M. McGHEE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Ramesh Murthy; Rebecca E. Wallace; Penn,
              Stuart & Eskridge, on brief), for appellants.

              (D. Edward Wise, Jr.; Arrington, Schelin &
              Herrell, on brief), for appellee.


     Marley Mouldings, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in (1) finding that Patricia M.

McGhee proved an injury by accident arising out of her

employment on August 10, 1998, and (2) rendering a review

opinion in which Chief Deputy Commissioner Mary Ann Link

participated in violation of the Workers' Compensation Act.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

McGhee operated an end trim saw in employer's factory.  On August 10, 1998, at 1:00 p.m., as McGhee was moving a pallet from underneath the saw, the pallet fell into a hole.  When McGhee "jerked" the pallet to remove it from the hole, she "popped [her] back."  She did not experience pain at that time.  Several hours later, when she arose from a sofa at home, she felt pain in her back.  She took Ibuprofen and returned to work at 6:00 a.m. the next day.  At 7:15 a.m., she left work because of back pain.

McGhee returned to work on August 18, 1998, although her back was still hurting her.  When she "jerked" a pallet that fell into a crack, her back "pop[ped]" again.  McGee obtained the assistance of a co-worker and then reported the August 10, 1998 incident to the nurse's station.

-

On August 18, 1998, McGhee was treated by Dr. Jennifer Steiffel, a family physician, for a lumbar strain and lumbosacral joint sprain. Before August 10, 1998, McGhee had no history of back pain or back problems. The commission awarded McGhee temporary total disability benefits.

## II.

An "injury by accident" requires "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). "[P]ain does not have to be contemporaneous with the accident to be an injury by accident." Ratliff v. Rocco Farm Foods, 16 Va. App. 234, 239, 429 S.E.2d 39, 42 (1993). "The actual determination of causation is a factual finding that will not be disturbed on appeal," if supported by credible evidence. Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); see Code § 65.2-706.

McGhee testified that when she jerked the pallet to extract it from a hole her back "popped." The medical records contain a history consistent with that testimony. No evidence established that McGhee had any back problems prior to the August 10, 1998 work-related incident. Based upon McGhee's testimony, the medical records, and Dr. Paul G. Brown's deposition testimony,

-

the commission could reasonably find that McGhee sustained an obvious sudden mechanical or structural change when her back "popped" on August 10, 1998 at work and that later she exacerbated the injury at home and when she returned to work on August 18, 1998.  Accordingly, we find that credible evidence supports the commission's conclusion that McGhee suffered a compensable injury by accident.

### III.

Employer contends that the commission did not comply with the review process prescribed by the Act and that, therefore, the opinion issued by the commission is illegal and invalid.

On the date on which Deputy Commissioner Stevick's opinion was reviewed, the commission was comprised of Commissioner Lawrence Tarr, the "employer representative," Code § 65.2-200(D), Commissioner William Dudley, the "neutral member," Code § 65.2-200(B), and Chairperson Virginia Diamond, the "employee representative."  Code § 65.2-200(D). Commissioner Tarr, however, did not participate in the commission's review of McGhee's case.  Rather, Chief Deputy Commissioner Link, who is employed by the commission, participated in the review of McGhee's case and the rendering of the opinion of the full commission.

Code § 65.2-704(B) states as follows:

> Any member of the Commission who hears the
> parties at issue and makes an award . . .
> shall not participate in a rehearing and

-

review of such award provided under [Code] § 65.2-705. When a member is absent or prohibited by the provisions of this subsection from sitting with the full Commission to hear a review, the Chairman shall appoint one of the deputies to sit with the other Commission members.

Employer argues that the first hearing was not before the full commission so the exception set forth in Code § 65.2-705(A) was not triggered. In addition, employer contends that no finding had been made and the parties were not advised that one of the members of the commission would be "absent."

The record does not reflect that employer raised the issue of Chief Deputy Commissioner Link's participation in the review of this case before the commission. Although the commission did not allow oral argument in this case and employer did not know the composition of the commission until the review opinion was issued, employer had the opportunity to object after the opinion was rendered and before it became final thirty days later. Employer did not make a motion to reconsider or to vacate the opinion during the thirty-day period that the decision remained within the jurisdiction of the commission. We will not consider an issue not brought before the commission for the first time on appeal. See Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

-

For the reasons stated, we affirm the commission's decision.

<span style="text-align:right;">Affirmed.</span>