SEVEN-UP BOTTLING COMPANY, ET AL.

V.

HARRY COURTNEY MOSELEY

Record No. 840974

October 11, 1985

Present: All the Justices

*Charles F. Midkiff (Christian, Barton, Epps, Brent and Chappell*, on brief), for appellants.

*Lewis T. Stoneburner (Press, Fenderson, Culler, Jones, Waechter & Stoneburner, P.C.*, on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

In this workers' compensation appeal, Seven-Up Bottling Company and its carrier, Pacific Employers Insurance Company, (hereinafter collectively referred to as "Seven-Up"), contend that Harry Courtney Moseley failed to prove that he suffered an injury by accident which arose out of his employment. More specifically, Seven-Up argues that Moseley failed to "identify the time of the alleged accident or any precise activity, motion, or incident at work that caused a sudden structural change in his body." Upon our consideration of the record, we disagree with Seven-Up's contentions. Therefore, we will affirm the Commission's award.

When the evidence is viewed in the light most favorable to Moseley, the facts are as follows: Moseley was a salesman for Seven-Up primarily engaged in public relations. However, as part of his job, he was required, in certain circumstances, to make deliveries of sodas to customers. This delivery work, which occurred

at irregular intervals, consumed approximately ten percent of his time.

Just prior to the Fourth of July, 1983, Moseley was required to assist in making deliveries to certain customers. He began his deliveries at 9:00 a.m. on July 2, 1983, and completed them by 11:00 a.m. Shortly thereafter he returned to the plant.

When he left the plant in the morning, he was walking normally and appeared to his supervisor to be "fine." However, when he returned his supervisor saw that he was in obvious pain, was bent over, and was having difficulty walking.

Moseley testified that while delivering sodas to a Safeway store at Gayton Road in Richmond, he took them from the truck, bumped a loaded hand truck up over the curb, and felt "stress" in his back. He said that after the Safeway delivery he made no further deliveries, but drove the truck while men who were with him made the actual deliveries.

On the drive back to the plant, Moseley's back tightened. When he reached the plant, Moseley advised his supervisor that his back was hurting him. However, at that time, he did not advise his supervisor that he had injured his back.

About three weeks after the incident, he visited his family physician who gave him medication. On a later visit, Moseley's physician referred him to an orthopedic surgeon who concluded, from the case history and an examination, that Moseley had suffered a ruptured disc while moving cases of soda on July 2, 1983. Moseley was successfully treated for the disc problem. He sought to recover his medical expenses. Seven-Up denied liability. Moseley filed a claim with the Commission and prevailed.

Seven-Up's attack on the Commission's award is two-pronged. The first prong asserts Moseley's failure to identify the time and place of the accident. The second prong asserts his failure to prove an obvious sudden mechanical or structural change in this body.

■ Seven-Up is correct in describing the legal test for accidental injury, under the Workers' Compensation Act, as interpreted by our cases. The test was most recently stated in *Kraft Dairy Group, Inc.* v. *Bernardini*, 229 Va. 253, 256, 329 S.E.2d 46, 48 (1985), where we said that the claimant "must prove an 'identifiable incident that occurs at some reasonably definite time,' which is the cause of 'an obvious sudden mechanical or structural change in the body'." (Citations omitted.)

■ But the preceding rule is not the only legal principle that bears upon our review of appeals from the Commission. For it is well settled that where Commission findings are based upon credible evidence, they are conclusive and binding upon this Court. *Sky Chefs, Inc.* v. *Rogers*, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981); *Fairfax Hospital* v. *DeLaFleur*, 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980). It is the effect of this latter rule that guides our decision in this appeal.

■ Seven-Up's criticism of the Commission's award focuses upon factual inconsistencies in Moseley's testimony on the issue of an identifiable event. Moseley states in one part of his testimony that he cannot pinpoint "exactly" when he was injured yet in another part of his testimony he says he was injured while delivering sodas to the Safeway at Gayton. For example, in a recorded interview with a representative of Seven-Up, Moseley said, "If you want an exact date and an exact time, I can't give that to you. I just don't know." At another point in that same interview he said, "I really can't pinpoint it. Where or which location or whatever. All I know is the whole procedure . . . strained the lower part of my back. And I was feeling some stiffness back there."

But Moseley's testimony went further. In other testimony he did pinpoint the time and place of his injury. He stated that he

> took a truckload of drinks out, delivered to a store, and swapped some drinks to another truck, particularly at Safeway out at Gayton. This was about Saturday morning around 9:00, 9:00 to 11:00, sometime that morning. While moving the drinks, the normal procedure is to pull the drinks off the truck, put'em on a hand truck, bump'em up over a curb, take'em into a store, whatever. I felt some stress on my lower back at that time. . . . At that time I was out at Safeway at Gayton.

He was then asked what he was definitely doing; he responded as follows: "When I was bumping the drinks up over the curb, that period of time. Like I said, I'm not exactly sure exactly what particular time that was on the watch but while I was delivering out at Safeway at Gayton. . . ." He also explained that after making the delivery at Safeway he did not make any more deliveries. He simply drove and let the men who were with him make the deliveries.

The Commission found as a fact that Moseley proved an identifiable incident at a reasonably definite time. The incident was bumping a loaded hand truck up over the curb; the time was during the delivery to the Safeway at Gayton. Though there are conflicts within Moseley's own testimony, there was testimony from which the Commission could have believed the foregoing explanation of the events.

In *VEPCO* v. *Mabin*, 203 Va. 490, 125 S.E. 2d 145 (1962), we addressed the issue whether a plaintiff is bound by portions of his testimony that undercut his case even though the same plaintiff gives other testimony that supports his case. In *Mabin*, we found it necessary to qualify the rule which binds a party to his own testimony. We wrote as follows:

> This qualification to the rule requires that a litigant's testimony be read as a whole. A damaging statement made in one part of his testimony must be considered in the light of an explanation of such statement made in a later part of his testimony. . . . And it is generally for the jury to determine whether it will accept such explanation or clarification.

*Id.* at 494, 125 S.E.2d at 148 (citations omitted). We went on to explain that if the testimony taken as a whole does not make it appear clearly and unequivocally that the case is without merit, then the plaintiff's case is not fatally damaged. We added: "In such circumstances, the jury must be permitted to pass upon the testimony and the effect thereof, taken together with all the other evidence in the case." *Id.*, 125 S.E.2d at 148 (citations omitted).

The rule announced in *Mabin* finds application here. Moseley's testimony, when viewed in its entirety, does not clearly and unequivocally establish that his claim is without merit. There was evidence from which the trier of fact could have believed that Moseley reasonably identified the time and place of his injury. We cannot say that the portion of Moseley's testimony which was relied on by the Commission was incredible. As a result, we are bound by the Commission's finding that Moseley proved an identifiable incident at a reasonably definite time.

Next, we focus upon whether Moseley proved that there was an obvious sudden mechanical or structural change in his body. On this issue, Seven-Up does not contend that there were

conflicting facts; instead it submits that there were no facts upon which to base this finding. We disagree.

Moseley had suffered a previous back injury in 1982, but by September of that year he had recovered from that injury. On the morning of July 2, Moseley was not suffering from any back problems. He was walking normally and feeling "fine." When he bumped the loaded handtruck over the curb at the Safeway he felt "stress" in his lower back. As he drove back to the plant he felt "back strain," and his back tightened up. When he returned to the plant, he told the supervisor that his back was bothering him. It was obvious to the supervisor that Moseley was in pain. According to the supervisor, "he came into the office looking like he was in pain. He was bent over a little bit and, of course, it naturally looked as though he had hurt his back." The supervisor said further that upon Moseley's return, "He was having trouble in walking erect. He was bent over and he looked like he was in obvious pain." It was later determined by Moseley's doctors that he had ruptured a disc. We think that this evidence was sufficient to allow the Commission to conclude that Moseley suffered an obvious sudden mechanical or structural change in his body.

This is not a repetitive trauma case as suggested by Seven-Up and, therefore, the cases that discuss repetitive trauma are inapposite. Moreover, it is significant, with regard to the sudden mechanical change issue, that *Kraft Dairy Group, Inc.* v. *Bernardini*, 229 Va. 253, 329 S.E.2d 46 (1985), one of the cases relied on by Seven-Up in opposing Moseley's award, actually lends support to the Commission's decision. There, we noted that the claimant complained of a strain. We said a strain fell short of being an obvious sudden mechanical or structural change in the body. We contrasted the strain in *Bernardini* to the claimant's condition in *The Lane Co.* v. *Saunders*, 229 Va. 196, 326 S.E.2d 702 (1985), where we also denied recovery. But in *Bernardini* we said that the claimant in *Lane* at least sustained a herniated disc and added that "if its onset could have been shown to be sudden, rather than gradual or cumulative," it might have qualified as a sudden mechanical or structural change in the body. *Id.* at 256, 329 S.E.2d at 46. Here, Moseley's disc was not just herniated, it was ruptured. Because Moseley established the sudden onset of his condition, *Bernardini* supports recovery.

In light of the foregoing, the Commission's award will be affirmed.

*Affirmed.*