COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


MIDDLE CREEK ENERGY, INC., ET AL.

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0821-95-3       JUDGE LARRY G. ELDER
                                         MAY 7, 1996
RANDALL BALDWIN


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Jim H. Guynn, Jr. (Barbara J. Taylor; Parvin,
            Wilson, Barnett & Guynn, P.C., on briefs),
            for appellants.

            D. Edward Wise, Jr. (Arrington, Schelin &
            Herrell, P.C., on brief), for appellee.



     Middle Creek Energy, Inc. and Travelers Insurance Company
(collectively "employer") appeal the Workers' Compensation
Commission's (commission) decision awarding temporary total
benefits to Randall Baldwin (claimant).  Employer asserts that
the commission erred in finding that claimant established an
injury by accident arising out of and in the course of his
employment, after claimant gave differing versions of events
surrounding his injury.  We affirm the commission's decision.

     Claimant, a miner operator, testified at the deputy
commissioner's hearing that he dislocated his shoulder while
working at employer's mine on April 13, 1994.  Claimant testified
that he was walking under a conveyor belt structure when he:

─────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[s]lipped and I reached for the belt rope--
grabbed for the belt rope, and I was already
falling at the time. And then I felt a pain
in my [left] shoulder so I let go of the belt
rope and then I just stretched out there in
the mud.

On April 28, 1994, in a conversation with an insurance agent from Ballard Insurance Agency, Inc., claimant stated that he:

[b]ent over with his dinner bucket in his
hand to go under the belt line . . . when his
foot slipped due to the mud. He reached up
and grabbed a steel rope used to hold up the
belt line and his hand slipped off causing
him to fall down.

In another conversation with the insurance company's representative, on August 1, 1994, claimant stated that he "was going under the belt, just the position I was in or something--it just threw my arm out of joint." Claimant stated that the accident transpired so quickly that he could not say whether he hit the rope.

Dr. G. V. Reddy treated claimant on April 13, 1994, and recorded the following accident description: "[Claimant] was going under a belt and the area was muddy. His shoulder went out of place and he developed a lot of pain in the left shoulder." On July 12, 1994, Dr. Reddy wrote that claimant "was duck-walking on all of his four extremities when the shoulder went out of place." Finally, the employer's first report of accident states that the injury occurred when claimant "was crossing under belt line. Belt was not running. [Claimant] bent over and pulled shoulder out of place."

On October 27, 1994, the deputy commissioner denied claimant's claim, noting that even though claimant injured himself on April 13, 1994, there were six different versions of how the injury occurred. On March 16, 1995, the commission acknowledged that there existed different recitations of injury, but found that the evidence taken as a whole established that claimant suffered an injury by accident as alleged, namely that "claimant injured his left shoulder when he slipped in mud while crossing under a conveyor belt structure." The commission awarded temporary total disability benefits from April 13, 1994 to June 27, 1994, along with medical expenses. Employer appeals to this Court.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "Under our standard of review . . . factual findings are conclusive and binding on this Court. Furthermore, the probative weight the commission gave to the conflicting testimony is similarly within its province and not subject to our review." Birdsong Peanut Co. v. Cowling, 8 Va. App. 274, 279, 381 S.E.2d 24, 27-28 (1989).

There must exist "a causal connection between the claimant's

injury and the conditions under which the employer requires the work to be performed." Grove v. Allied Signal, Inc., 15 Va. App. 17, 19, 421 S.E.2d 32, 34 (1992). Furthermore, in order to show that he suffered an injury by accident, a claimant must prove "an identifiable incident that occurs at some reasonably definite time, which is the cause of an obvious sudden mechanical or structural change in the body." Ratliff v. Rocco Farm Foods, 16 Va. App. 234, 238, 429 S.E.2d 39, 42 (1993).

In light of these principles, we hold that the commission did not err in finding that claimant met his burden of proof. Despite employer's criticism of the factual inconsistencies in claimant's accounts of the accident, the record reveals that the commission weighed the evidence and the credibility of the witnesses and accompanying documentation and resolved any conflicts in claimant's favor. While claimant omitted certain details of his accident when describing his accident to various sources, this does not indicate that claimant presented conflicting accounts and does not preclude a recovery of benefits.

Claimant informed the insurance company's representative that his accident "just happened so fast," that he could not say precisely what transpired. Claimant was able, however, to give a somewhat detailed account of his version of the accident to the deputy commissioner. This account indicated that claimant was walking under a conveyor belt structure, slipped, grabbed a belt

rope for support, released the belt rope due to his left shoulder pain, and collapsed in the mud. All of these events occurred within seconds of each other. Claimant's statement to the insurance company's agent corroborated this version of events. Though there exist arguable inconsistencies in appellant's versions of events contained in other documents, the commission could have believed the credible version given to the deputy commissioner and to the insurance company's agent. See Seven-Up Bottling Co. v. Moseley, 230 Va. 245, 249, 335 S.E.2d 272, 274 (1985).

For these reasons, we affirm the commission's decision.

Affirmed.