COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Haley and Senior Judge Coleman


WYTHE COUNTY COMMUNITY HOSPITAL/
  LIFEPOINT HOSPITALS, INC. AND
   TRAVELERS INDEMNITY COMPANY
   OF AMERICA
                                                            MEMORANDUM OPINION*
v.        Record No. 1924-08-3                                   PER CURIAM
                                                             DECEMBER 9, 2008
TINA  MICHELLE SHUPE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Robert M. Himmel; Lucas & Kite, PLC, on briefs), for appellants.

          (Dale W. Webb; Roberta A. Paluck; Frankl Miller & Webb, LLP, on
          brief), for appellee.


        Wythe County Community Hospital and its insurer (hereinafter referred to as

"employer") appeal a decision of the Workers' Compensation Commission awarding temporary

total disability benefits and medical benefits to Tina M. Shupe (claimant).  Employer contends

the commission committed reversible error in failing to consider or rule upon its defense that

claimant's injury did not arise out of her employment.[1]

---

*Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We assume, without deciding, that employer's Written Statement filed on review
sufficiently preserved the questions it raises on appeal.  We note that while employer filed a
motion to reconsider and vacate on July 21, 2008, wherein it raised these questions, employer
failed to obtain a ruling from the commission on that motion within twenty-one days from the
commission's final opinion issued on July 8, 2008.  Rather, the commission entered its August 6,
2008 order denying employer's motion to reconsider and vacate after the expiration of the
twenty-one-day period, at a time when it was without jurisdiction to do so.  Therefore, the
August 6, 2008 order was a nullity.  See Rule 1:1; see also Super Fresh Food Mkts. of Va., Inc.
v. Ruffin, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002) (running of twenty-one-day time period
prescribed by Rule 1:1 may be interrupted only by entry, within the twenty-one-day time period,
of order modifying, vacating, or suspending the final judgment order; neither filing of post-trial

Our review of the record shows that the precise question raised by employer on review before the commission, pertinent to the questions it raises in this appeal, was "[w]hether the medical evidence established an immediate structural or mechanical change affecting the claimant's thoracic spine at the instant in which the claimant was engaged in activities considered an actual risk of employment (i.e. arise out [of] the employment)." In other words, employer argued to the commission that claimant's injury, i.e. the structural or mechanical change in her body, occurred during the "simple act of sitting," an occurrence not arising out of the employment, rather than when she lifted the twenty-pound bedside commode in an awkward manner, an occurrence arising out of her employment.

Based upon our review of the record and the commission's final opinion, we conclude the commission, in affirming the deputy commissioner's decision, fully considered employer's argument and simply rejected it, as it was entitled to do, based upon its acceptance of claimant's testimony describing an injury by accident arising out of and in the course of her employment and its acceptance of overwhelming medical evidence provided by numerous physicians, which supported a causal connection between claimant lifting the bedside commode and her injuries. Credible evidence supports the commission's findings and, therefore, "they are conclusive and binding upon this Court." Seven-Up Bottling Co. v. Moseley, 230 Va. 245, 248, 335 S.E.2d 272, 274 (1985).

Thus, based upon our review of the record and the commission's opinion, we find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. See Shupe v. Wythe County Community Hosp., VWC File No. 231-91-71

---

or post-judgment motions, nor trial court's taking such motions under consideration, nor pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend running of twenty-one-day time period of Rule 1:1). The record contains no order modifying, vacating, or suspending the commission's July 8, 2008 final judgment within the twenty-one-day period.

(July 8, 2008).  We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.