COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Petty, O'Brien and Senior Judge Clements
Argued by videoconference

ALEXANDRIA CITY PUBLIC SCHOOLS AND
  ALEXANDRIA CITY SCHOOL BOARD
                                                     MEMORANDUM OPINION* BY
v.        Record No. 1582-18-4                       JUDGE MARY GRACE O'BRIEN
                                                            MAY 11, 2021
KERRI HANDEL

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Michael S. Bliley (Andrew M. Alexander; Siciliano, Ellis, Dyer &
            Boccarosse PLC, on briefs), for appellants.

            Julie H. Heiden (Koonz, McKenney, Johnson, DePaolis & Lightfoot,
            L.L.P., on brief), for appellee.


        Kerri Handel ("claimant") filed a claim for benefits with the Virginia Workers'

Compensation Commission ("the Commission") against her employers, Alexandria City Public

Schools and Alexandria City School Board (collectively "employer"), for injuries she suffered

during a workplace accident. Following an evidentiary hearing, a deputy commissioner concluded,

in part, that claimant sustained a compensable injury to her right shoulder during the accident and

entered an award in her favor. The full Commission affirmed.

        Employer appealed, and this Court affirmed on the basis that claimant sufficiently proved a

compensable injury to her right shoulder. See Alexandria Cty. Pub. Schs. v. Handel, 70 Va. App.

349, 355-56 (2019), vacated and remanded, 299 Va. 191 (2020). The Supreme Court vacated that

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

decision and remanded to this Court for reconsideration. Alexandria Cty. Pub. Schs. v. Handel, 299 Va. 191, 198 (2020).

Employer argues that the Commission erred in finding that claimant sustained a compensable injury to her right shoulder because there is no credible evidence that she "suffered an actual mechanical or structural change" in her shoulder during her workplace accident. For the following reasons, we agree and reverse the Commission's finding of a compensable right shoulder injury.

## I. BACKGROUND

In accordance with familiar principles of appellate review, this Court views the evidence in the light most favorable to the claimant, "the party who prevailed before the [C]ommission." See K & K Repairs & Const., Inc. v. Endicott, 47 Va. App. 1, 6 (2005).

On April 24, 2014, while working as a high school teacher, claimant slipped on a "puddle" of hand sanitizer on her classroom floor and fell on the right side of her body. She immediately went to the hospital, where she reported pain in her back, neck, right hip, right leg, and both shoulders. She emphasized that "[h]er hip was the most important thing."

Claimant's diagnoses included "[p]ain in joint, shoulder region." However, three x-ray views of her right shoulder revealed "normal findings." Medical records also reflected that claimant had undergone two arthroscopic procedures on her right shoulder in 2006 and 2007.

On April 30, 2014, claimant saw Dr. Daniel Hampton, an orthopedic specialist, due to "pain throughout her right upper and lower extremit[ies]." She reported shoulder pain that worsened with "any type of motion" but emphasized that the "most severe" pain was in her right hip and right ankle. Dr. Hampton noted in his report that an "[o]utside x-ray report and images of the . . . shoulder . . . were independently reviewed. No fractures seen. Joint is well located." In his review of claimant's musculoskeletal system, the doctor noted, "Not Present - Decreased Range of Motion,

Joint Pain, Joint Stiffness and Joint Swelling." He ultimately diagnosed claimant with a "sprain/strain" in her ankle and lumbar region.

The next day, claimant stated in a recorded interview with an insurance adjuster that Dr. Hampton diagnosed her with a "strain slash sprain in [her] ankle, [her] knee, hip[,] shoulder and neck and [her] back." She advised that Dr. Hampton suggested she "get . . . an injection in [her] ankle and [her] hip and then go to physical therapy."

Claimant filed her first claim for benefits with the Commission on May 16, 2014. She claimed that she injured the following parts of her body during her accident: "Right ankle, knee, hip, shoulder, lower [and] upper back, neck[, and] head." However, in each of her subsequent claims — filed in September 2014, September 2015, January 2016, and November 2016 — claimant omitted any mention of a right shoulder injury.

In an April 13, 2015 medical questionnaire, claimant asked Dr. Hampton to describe the injuries to her right ankle, right knee, right hip, back, and head and to indicate whether those injuries were causally related to her fall. Neither claimant nor Dr. Hampton made any mention of claimant's right shoulder.

Employer arranged for Dr. Donald Hope, a board-certified neurological surgeon, to examine claimant on May 13, 2016. In his report, Dr. Hope concluded that claimant had "normal" coordination, tone, sensation, reflexes, strength, and range of motion in her upper extremities. He noted that claimant had "mild tenderness in the right trapezius," but it "[did] not seem to bother her" on the day of the examination.

On September 23, 2016, claimant saw Dr. Hampton with "a chief complaint of right shoulder and arm pain" and "some catching" in her right shoulder. During a follow-up appointment on October 11, 2016, claimant described her symptoms as "pain and stiffness in [her right] arm," starting at "her shoulder radiating down her right elbow and into her right small fourth finger." She

reported the pain as "severe" and stated that she had difficulty writing and typing. Dr. Hampton noted that claimant had "pain with any type of range of motion of the wrist, elbow, and shoulder" and referred her to his office's hand specialist, Dr. Ryan Jander.

Claimant saw Dr. Jander two days later with the following complaint: "I am here today for my right shoulder. . . . I have pain in my right shoulder going down my right arm with numbness in my right hand for [one] year, but worsening since August." She also explained that her shoulder made a "sque[a]king noise." Dr. Jander ordered x-rays of her elbow and wrist. In a follow-up appointment on October 26, 2016, claimant described her problem as being located in her right elbow and right hand. Dr. Jander noted that her symptoms were "most consistent" with a nerve issue in her right elbow.

On November 9, 2016, a deputy commissioner held an evidentiary hearing to decide, in part, whether claimant sustained a compensable injury to her right shoulder resulting from the April 2014 accident. Employer had stipulated that claimant sustained compensable injuries to her right hip, right knee, back, and neck; however, it disputed her right shoulder claim.

Claimant testified that she fell on the "right side" of her body during the accident, striking her ankle, knee, hip, and shoulder. She confirmed that she reported shoulder pain to the hospital.

At the conclusion of claimant's testimony, the deputy commissioner questioned whether claimant specifically described her alleged shoulder injury:

> [Deputy Commissioner]: I don't believe on direct [that] she mentioned the shoulder and that's in dispute.
>
> [Claimant's Counsel]: The shoulder isn't a problem.
>
> [Claimant]: Ummm . . . .
>
> [Deputy Commissioner]: It's part of the claim and [employer] disputed it as being injured, so I, I don't think she described it.

[Claimant]: It's definitely, when I fell I fell on that side, but I don't . . . .

[Claimant's Counsel]: You never received any specific treatment . . .

[Claimant]: Correct.

[Claimant's Counsel]: . . . for it? No, so it's fine, Your Honor.

The deputy commissioner held that claimant sufficiently proved a "compensable injury" to her right shoulder because "the histories noted during the course of treatment coupled with the claimant's own testimony that she fell on her entire right side are sufficient to demonstrate the necessary causal nexus between the accident and the claimant's right shoulder complaints."

On appeal to the full Commission, employer argued that "[t]here was no mechanical or structural change to the claimant's [right] shoulder" in either April 2014 or 2016 and "[t]he claimant's shoulder pain, reported on 9/23/16, is unrelated to the work accident." The Commission affirmed the deputy commissioner, holding that claimant "established a compensable injury by accident to the right shoulder" as a result of her accident in April 2014.

Employer then appealed to this Court, arguing that the Commission erred because claimant failed to prove a "sudden structural or mechanical change" in her right shoulder.[1] See Handel, 70 Va. App. at 352. This Court affirmed, holding that "a claimant does not need to prove a structural or mechanical change in every body part affected by an obvious accident as long as there is at least

---

[1] Claimant's appellee's brief attached a seventy-five page "Addendum" of medical records. Only five of the documents in the addendum were admitted into evidence before the Commission, and those documents were also included in the parties' jointly filed appendix. Because "an appellate court may not take judicial notice of . . . documents when they were not relied upon before the . . . [C]ommission below," Commonwealth v. Woodward, 249 Va. 21, 23 (1995), we disregard claimant's addendum and rely solely on the parties' appendix. See also Rule 5A:25(h) ("It will be assumed that the appendix contains everything germane to the assignments of error."); Taylor v. Commonwealth, 28 Va. App. 1, 7-8 (1998) (*en banc*) (limiting judicial notice to facts that are "either (1) so 'generally known' within the jurisdiction or (2) so 'easily ascertainable' by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute" (quoting Ryan v. Commonwealth, 219 Va. 439, 445 (1978))).

one sudden mechanical or structural change and each injury is caused by the accident." Id. at 355-56. Therefore, because the parties stipulated that claimant sustained a "sudden mechanical or structural change" in at least one part of her body — specifically her right hip, right knee, back, or neck — claimant did not need to prove that she also sustained a structural or mechanical change in her right shoulder. Id. at 361.

The Supreme Court subsequently vacated this Court's decision for "fail[ing] to apply the correct legal standard to determine whether [claimant] suffered an injury by accident to her shoulder." Handel, 299 Va. at 198. The Court stated that a compensable injury is a "structural or mechanical change" to a body part that "produces harm or pain or a lessened facility of the natural use of any bodily activity or capability." Id. at 197 (quoting Snead v. Harbaugh, 241 Va. 524, 528 (1991)). "Thus, without such a change in a body part, there is no injury to it." Id. The Supreme Court remanded the case to this Court for reconsideration on the merits.

## II. ANALYSIS

A compensable injury under the Workers' Compensation Act is an injury "by accident" sustained in the course of and arising out of a claimant's employment. Van Buren v. Augusta County, 66 Va. App. 441, 449 (2016) (quoting Code § 65.2-101); see also Southland Corp. v. Parson, 1 Va. App. 281, 284 (1985). To establish an "injury by accident," a claimant must prove "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Hoffman v. Carter, 50 Va. App. 199, 212 (2007) (quoting Chesterfield County v. Dunn, 9 Va. App. 475, 476 (1990)). Employer argues the Commission erred in finding that claimant sustained a compensable injury to her right shoulder because there is no credible evidence that she "suffered an actual mechanical or structural change to her right shoulder" during her workplace accident in April 2014.

- 6 -

The existence of an "'injury by accident' presents a mixed question of law and fact, because it involves both factual findings and the application of law to those facts." Van Buren, 66 Va. App. at 446. "[T]his Court defers to the Commission in its role as fact finder." Jones v. Crothall Laundry, 69 Va. App. 767, 774 (2019). "If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed . . . on appeal, even though there is evidence in the record to support contrary findings of fact." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411 (1983). However, "whether those facts prove the claimant suffered an 'injury by accident' is a question of law." Van Buren, 66 Va. App. at 446 (quoting Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 168 (2001)). We therefore review that determination *de novo*. See id.

An "injury" is an "obvious sudden mechanical or structural change" to a body part that "produces harm or pain or a lessened facility of the natural use of any bodily activity or capability." Handel, 299 Va. at 197 (first quoting Virginia Elec. & Power Co. v. Quann, 197 Va. 9, 12 (1955); and then quoting Snead, 241 Va. at 528). Thus, "[a] condition causing . . . pain will not be considered an 'injury' . . . unless accompanied by a 'sudden obvious mechanical or structural change' in the body." Snead, 241 Va. at 528 (quoting Virginia Elec. & Power Co. v. Cogbill, 223 Va. 354, 356 (1982)). Likewise, "injuries resulting from repetitive trauma, continuing mental or physical stress, or other cumulative events . . . are not 'injuries by accident'" because they are not "sudden" changes to a claimant's body part. See Morris v. Morris, 238 Va. 578, 589 (1989); see also Dunn, 9 Va. App. at 479 (Benton, J., concurring) ("The suddenness test is a means of identifying an injury which manifests itself within a time reasonably related to the occurrence so as to negate the inference that the injury occurred gradually, cumulatively, or as the result of an eroding physical condition."). When considering whether a claimant has sustained an injury by

accident, the Commission may consider both medical evidence and the claimant's own testimony. See Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176-77 (1996).

For example, in Seven-Up Bottling Co. v. Moseley, 230 Va. 245 (1985), an employee testified that he immediately felt "stress" and tightness in his back after a workplace accident. 230 Va. at 250. A supervisor observed that the employee "was bent over and . . . looked like he was in obvious pain," and a doctor later diagnosed him with a ruptured disc. Id. The Supreme Court held that "this evidence was sufficient to allow the Commission to conclude that [the employee] suffered an obvious sudden mechanical or structural change in his body." Id. In contrast, in Tomko v. Michael's Plastering, 210 Va. 697 (1970), an employee presented evidence that his back was "hurting real bad" and he "had a pain in his leg" after a day of installing heavy pieces of sheetrock. 210 Va. at 698. This evidence "did not show that there was an 'obvious sudden mechanical or structural change' in his body or that there was any causal connection between his work-induced exertion and the physical change which he did experience[]." Id. at 699 (quoting Quann, 197 Va. at 12).

Here, employer argues that claimant "did not meet her burden to prove that she suffered a compensable injury, because there is no credible evidence — in the form of a medical diagnosis or her own testimony — that she ever actually suffered an injury to her right shoulder." We agree.

Unlike in Moseley where the employee was diagnosed with a ruptured disc, see 230 Va. at 250, the record here is devoid of any medical diagnosis, expert opinion, or doctor's note establishing that claimant sustained an obvious sudden mechanical or structural change in her shoulder. Claimant was diagnosed with "[p]ain in joint, shoulder region" at the hospital and reported "pain throughout her upper right [shoulder]" to Dr. Hampton. However, mere pain in a body part, standing alone, does not establish a mechanical or structural change to that body part. See Snead, 241 Va. at 528; see also Handel, 299 Va. at 197 (listing "pain" as a symptom of a structural or

- 8 -

mechanical change in a body part (quoting Snead, 241 Va. at 528)); Tomko, 210 Va. at 699 (holding that evidence of back and leg pain "did not show that there was an 'obvious sudden mechanical or structural change' in [an employee's] body" (quoting Quann, 197 Va. at 12)).

Claimant did complain to Dr. Hampton and Dr. Jander that she started experiencing pain, limited range of motion, and "sque[a]king" in her right shoulder in 2015. However, this evidence is insufficient to prove that she sustained a *sudden* mechanical or structural change in her right shoulder during her accident. See Hoffman, 50 Va. App. at 212-13 ("[A claimant must prove] 'an identifiable incident or sudden precipitating event [that results] in an obvious sudden mechanical or structural change in the body.'" (quoting Morris, 238 Va. at 589)); see also Cridlin, 22 Va. App. at 175 ("[A] gradually incurred injury is not an injury by accident[.]"). Claimant's symptoms of limited motion and squeaking did not manifest until more than a year after her accident, and she did not report her new symptoms to Dr. Hampton until October 2016. Even assuming, without deciding, that claimant's new shoulder problems constituted mechanical or structural changes, we cannot conclude that these maladies occurred "sudden[ly]" during her workplace accident. Rather, absent any showing of a close temporal relationship to her fall, her symptoms could simply reflect an "injur[y] resulting from repetitive trauma, continuing mental or physical stress, or other cumulative events" rather than an injury by accident. Morris, 238 Va. at 589; cf. Cogbill, 223 Va. at 357-58 (holding that an employee who felt gradually-increasing back pain while sitting in a hard-back chair did not sustain a sudden structural or mechanical change to her body).[2]

---

[2] Additionally, to establish an "injury by accident," a claimant must prove "a causal connection between the incident and the bodily change." Hoffman, 50 Va. App. at 212 (quoting Dunn, 9 Va. App. at 476). Here, even assuming that claimant's shoulder problems in 2015 constituted structural or mechanical changes, there is no evidence of a "causal connection" between those changes and claimant's workplace accident. Claimant offered no evidence, and the Commission made no findings, that the squeaking and limited motion in her shoulder were caused by her fall rather than some other source, such as the nerve issue in her right elbow or her arthroscopic surgical history.

Claimant also never testified that she experienced an obvious sudden mechanical or structural change in her right shoulder.  See Cridlin, 22 Va. App. at 176 (holding that where medical testimony is inconclusive, "[t]he testimony of a claimant may also be considered").  In contrast to the employee in Moseley who testified that he felt sudden "stress" in his back during a workplace accident, here claimant did not testify that she felt a strain, tear, pop, snap, or other sudden change in her shoulder during her fall.  Cf. Big Jack Overall Co. v. Bray, 161 Va. 446, 448, 459 (1933) (employee testified to feeling a sudden "snap" or "tear" in her back, followed by severe pain, upon lifting bundle in awkward position); Quann, 197 Va. at 16 (employee testified to feeling "something pop or make a definite snap" in his back after lifting a heavy coil of wire that suddenly shifted).  She also did not testify that she noticed a change in her shoulder's structure or mechanics, such as swelling, deformation, or limited functionality.  Cf. Ogden Aviation Servs. v. Saghy, 32 Va. App. 89, 91, 103 (2000) (employee testified that although he initially felt only pain in his right arm after lifting a fuel hose, he soon thereafter experienced numbness and weakness in his arm).  In fact, claimant never actually testified that her shoulder was injured.[3]  Rather, she testified only that she experienced "pain" in her shoulder immediately after falling on her right side.  However, this evidence of pain alone is insufficient to establish an obvious sudden mechanical or structural change in her shoulder.  See Snead, 241 Va. at 528; see also Tomko, 210 Va. at 699.

Claimant did state during a recorded interview with an insurance adjuster that Dr. Hampton diagnosed her with a "strain slash sprain in [her] ankle, [her] knee, hip[,] shoulder and neck and [her] back."  However, neither the deputy commissioner nor the full Commission specifically found

---

[3] Claimant's lack of testimony about her shoulder at the evidentiary hearing prompted the deputy commissioner to note that claimant failed to "describe[]" her shoulder injury.  In response, claimant's counsel asserted that the shoulder "[wasn't] a problem" and was "fine" because claimant "never received any specific treatment . . . for it."

that Dr. Hampton diagnosed claimant with such a strain or sprain. On the contrary, claimant's assertion is directly contradicted by Dr. Hampton's own medical records.

In his report of claimant's April 30, 2014 orthopedic examination, Dr. Hampton noted her complaint about shoulder pain but only diagnosed her with a "sprain/strain" in her lumbar region and ankle. Likewise, in his October 26, 2016 report, Dr. Hampton recapitulated claimant's medical history and listed sprains in her ankle and back but not her shoulder. Based on this evidence, the deputy commissioner merely found that claimant "complained of pain throughout her . . . shoulder" to Dr. Hampton in April 2014, and the Commission found that claimant complained about and was diagnosed with "shoulder pain" despite "normal" x-ray results. This evidence is insufficient to establish that claimant sustained a sudden structural or mechanical change in her right shoulder. See Snead, 241 Va. at 528.

### III. CONCLUSION

For the foregoing reasons, we hold that claimant failed to prove a compensable "injury by accident" to her right shoulder because she did not show that she sustained an obvious sudden mechanical or structural change in her shoulder. We therefore reverse the decision of the Commission finding such an injury.

Reversed.